## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| BRUCE DELAUGHTER § | | |
| Individually and on behalf of all others § | | |
| similarly situated, § | | |
|     Plaintiff, § | | COLLECTIVE ACTION COMPLAINT |
| § | | |
| vs. § | | |
| § | | CIVIL ACTION NO. 7:21-cv-242 |
| SEQUITUR ENERGY § | | |
| RESOURCES, LLC § | | |
|     Defendant. § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Bruce DeLaughter ("Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint, as follows:

### I.   PRELIMINARY STATEMENT

1. Sequitur Energy Resources, LLC ("Sequitur") was formerly the employer of Plaintiff and others similarly situated. Plaintiff worked as a Drilling Consultant for Sequitur from December of 2016 until May of 2021. While employed by Sequitur, Plaintiff was misclassified as an independent contractor, despite the fact that he worked full time for Sequitur, and virtually every aspect of his job was controlled by Sequitur. Sequitur misclassified Plaintiff as an independent contractor to avoid paying employment taxes, benefits and overtime. During his time with Sequitur, Plaintiff typically worked approximately 100 hours per week. Plaintiff received a day rate regardless of the number of hours he worked in a given day or week, and never received overtime pay. On information and belief, there are additional workers that have worked for

Sequitur as Drilling Consultants, all of whom are classified as independent contractors and all of whom are paid a day rate and denied overtime pay.

2.  Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. seq. (the "FLSA").

3.  The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **ANYONE WHO WORKED FOR SEQUITUR AS A DRILLING CONSULTANT, DRILLING SUPERVISOR, COMPANY MAN, OR WELL SITE MANAGER DURING THE PAST 3 YEARS WHO WAS CLASSIFIED AS AN INDEPENDENT CONTRACTOR AND PAID A DAY-RATE (THE "CLASS MEMBERS").**

4.  For at least three years prior to the filing of this Complaint, Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II.   PARTIES

5.  Plaintiff is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6.  Sequitur is a Delaware corporation with its principal place of business in Houston, Texas.

7.  Sequitur may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### III.   JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9. This Court has personal jurisdiction over Sequitur because it is a Texas resident. This Court also has personal jurisdiction over Sequitur because it conducts a significant amount of business in Texas and it has had continuous and systematic contacts with Texas and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division. Namely, Plaintiff performed all work for Defendant as described herein in the Permian Basin, which is located in this judicial district and division.

### IV.   COVERAGE

11. At all relevant times, Sequitur acted, directly or indirectly, as the employer, joint or co-employer with respect to Plaintiff and others similarly situated. Sequitur was responsible for all decisions related to the wages to be paid to the Class Members, the work to be performed by the Class Members, the locations of work performed by the Class Members, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

12. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiff (and others similarly situated) was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

15. Sequitur is an oil and gas production company.

16. Because Plaintiff and other Class Members are paid a day rate, and because their schedules are set by Sequitur, the Class Members are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to Sequitur's rigs as ordered to do by Sequitur. Because they work full time (working very long hours) at Sequitur's facilities, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Finally, the Class Members did not provide their own tools or equipment and were not allowed to hire their own helpers, as true independent contractors typically do.

17. No exemption excuses Defendant from paying Plaintiff and other similarly situated Class Members overtime rates under the FLSA.

18. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

19. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

20. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.   COLLECTIVE ACTION ALLEGATIONS

21. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiff are aware that the illegal practices and policies of Sequitur have been imposed on other, similarly situated workers.

22. Plaintiff bring their claims on behalf of all current and former Class Members, or similar job descriptions or titles, who worked on a dedicated basis for Defendant.

23. Defendant's compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

24. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other Class Members.

25. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

26. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

27. Plaintiff requests that Defendant identify all Class Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the Class Members.

28. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

29. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

30. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII.   CAUSE OF ACTION - VIOLATION OF THE FLSA

31. The foregoing allegations are incorporated herein by reference.

32. Plaintiff and others similarly situated were non-exempt employees of Sequitur.

33. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

34. Sequitur violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

35. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII.  RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, prays for relief against Sequitur as follows in regards to the FLSA collective action claims:

- For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

- For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

- For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

- For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

- For such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFF**